DAVIDSON COUNTY *v.* SUMNER COUNTY.

(*Nashville.* December Term, 1914.)

BRIDGES. Contracts. Bridge on county line.

Under Shannon's Code, sec. 1709, providing that when a bridge is necessary over a creek or river, which divides any county from another, the county court of each county shall join in an agreement for building and maintaining a bridge, and the charge shall be defrayed by both counties in proportion to the number of taxable polls in each, and section 1710, providing that every such contract, agreement, and order shall bind the county that makes or enters into it, the provision for dividing the cost of such bridge in proportion to the taxable polls in each county is directory, not mandatory, and the counties, as bodies corporate, can, under their general power to make contracts, agree to divide the cost of constructing such bridge equally or in any other ratio they may agree on.

Code cited and construed: Secs. 1709, 1710 (S.).

FROM SUMNER.

Appeal from the Chancery Court of Sumner County. —J. W. STOUT, Chancellor.

T. J. McMORROUGH, for appellant.

B. D. BELL and GEO. A. BODDIE, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Davidson county filed its bill of complaint against Sumner county to recover one-half of the cost of a bridge erected over Mansker's creek, the center line of which stream was claimed by Davidson county to be the line between the counties. A written contract was entered into by the two counties through committees appointed to act by the quarterly county courts of the counties, which contract stipulated, that if Davidson county—

"should see proper to build and does build said bridge, that Sumner county agrees to pay one-half the expense of the construction of said bridge, provided Davidson county shall institute suit and so establish the line definite between the said counties."

Under this contract Davidson county proceeded to build the bridge, and has brought this suit to determine the exact location of the dividing line and to recover one-half of the construction cost, as stated. It was decreed by the chancellor that the center of the creek referred to is the Davidson-Sumner line, and in this court it is agreed that in that ruling there is no error.

The defendant county urges upon us that the contract is ultra vires the counties so signing it; this contention being based upon certain provisions of our Code following:

Shannon's Code, section 1709:

"When a bridge is necessary over any such creek or river which divides one county from another, the county court of each county shall join in an agreement for building, keeping, and repairing it, and the charge shall

Davidson County v. Sumner County.

be defrayed by both counties in proportion to the number of taxable polls in each.''

Section 1710:

''Every such contract, agreement, and order shall bind the county that makes or enters into it.''

The chancellor held with this contention of Sumner county, and that Sumner county should pay in proportion to taxable polls; and in so doing committed error.

A county is a body corporate, and as such empowered to enter into contracts in relation to matters that fall within the scope of a county purpose, such as the erection of bridges.

The legislature by the sections quoted above is not to be taken to have imposed on counties a legislature-made liability. That the volition of the counties is left to be exercised is shown by section 1710 in its provision that such contract shall bind the county that *makes or enters into it.*

Section 1709 should be given, and is by us given, a directory rather than a mandatory meaning. We believe that in actual practice the counties of this State have understood and treated this provision to be directory, and they have quite generally exercised their supposed power of contracting for the division of the cost of constructing bridges over dividing streams on bases other than that of the taxable polls in each.

It is difficult at best to interest counties in the construction of such bridges. The natural tendency is for each county to discourage its residents traveling beyond its borders to trade in an adjoining county. To

hold that the statute is mandatory—that a county can contract only on the basis of taxable polls—would be to discourage a species of public improvement that is much needed in this State, through highways connecting up adjoining counties and centers of population. We cannot believe that it was within the legislative intent to denounce contracts as *ultra vires* if they should fail to adopt a single iron-clad basis for the division of construction cost, or maintenance cost, which basis might fail to approve itself for adoption to the business judgment of the governing bodies of the counties contemplating the making of such improvements.

In short, we see no sound policy to be served by thus hobbling counties and denying to them alone of all bodies corporate the right to further their own interests by contracting on bases they may deem to be fair under the circumstances immediately presented. Those circumstances in all likelihood will be variant. The distribution of the expenses of construction should therefore be left flexible.

Reversed and remanded.